**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

R.A.,

Petitioner,

v.

MARKWAYNE MULLIN ET AL.,

Respondents.

Case No. 5:26-cv-05530-AYP

**ORDER GRANTING MOTION TO PROCEED VIA PSEUDONYM AND GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS**

## I. BACKGROUND AND PROCEDURAL HISTORY

On September 21, 2026, R.A. ("Petitioner"), (A# 209-374-245) a noncitizen of the Philippines in immigration custody at the Adelanto Immigration and Customs Enforcement (ICE) Facility, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1 ("Petition")) and a Motion to Proceed with Pseudonym (Dkt. No. 3). Petitioner seeks his immediate release on the grounds that ICE violated his constitutional procedural due process and statutory rights by unlawfully detaining him without first providing adequate pre-detention

notice and process.

On September 22, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 6 ("General Order 26-05").) This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at 1, 3.) To date, Respondents have not filed a timely withdrawal of consent, an answer or otherwise communicated with the Court. On September 30, 2026, Petitioner consented to proceed before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b). (Dkt. No. 7.) In light of the absence of an Answer or other response, the Court deems the Petition and motion for pseudonym unopposed.

For the reasons set forth below, Petitioner's Motion to Proceed via Pseudonym is GRANTED and the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to release Petitioner immediately under the same conditions he was subject to before his detention.

## II. FACTUAL BACKGROUND

Petitioner, a citizen of the Philippines, lawfully entered the United States on May 18, 2014, on a B-2 visa. (Pet. ¶ 18.) He filed for asylum and his asylum application has been pending for over ten years, while Petitioner waits for Respondents to schedule his asylum interview. *Id.* After filing for asylum, Petitioner appeared for a biometrics appointment for background checks, as required. (Pet. ¶ 19.) He has filed for and received multiple Employment Authorization Documents ("EAD" or "work permit") over the years. *Id.* His current EAD is valid through October 2029. *Id.* Petitioner also applied for and obtained a social security number and driver's license. *Id.*

Petitioner paid the annual asylum fee of $102 to USCIS. (Pet. ¶ 20.) However, Respondents have not processed Petitioner's application, and instead, detained him without cause and placed him in immigration proceedings before the Executive Office of Immigration Review ("EOIR"), stripping USCIS of jurisdiction over his asylum application. *Id.* Petitioner works in a critical capacity in health care. (Pet. ¶ 21.) He is an HIV-positive gay man. *Id.* He is immunocompromised and has been thrown into "prison-like conditions" at the Adelanto ICE Processing Center, a detention facility. *Id.* A district court has found that the government is likely violating the constitutional rights of people detained at Adelanto and ordered the facility to begin providing clean water, sufficient food, and adequate sanitation, among other changes. *Id.*

ICE determined that he was not a danger or flight risk and Petitioner has lived outside of immigration custody since August 19, 2019. *Id.* Petitioner argues that ICE had no valid reason to revoke his parole and detain him. *Id.* He has lived freely in the U.S. for seven years and argues ICE did not make note of any changed circumstance. *Id.* Further, Petitioner argues that ICE did not provide any written notice of a specific reason why he was detained, nor provide him with an opportunity to contest the reasons for detention. *Id.* Petitioner states an interruption of his antiretroviral therapy carries serious medical risks, including decline in immune function, increased vulnerability to opportunistic infections, viral rebound, and the development of drug-resistant HIV strains. (Pet. ¶ 22.) Petitioner's CD4 counts have historically fluctuated making uninterrupted treatment and consistent provider oversight particularly important. *Id.*

On August 6, 2026, Petitioner travelled from the San Jose International Airport to Long Beach Airport for work-related travel. (Pet. ¶ 23.) After landing in Long Beach, he heard his last name called. *Id.* Two men in civilian clothing

approached him. They did not identify themselves but claimed to have a warrant for Petitioner's arrest. They did not show Petitioner any paperwork. *Id.* They walked Petitioner out of the airport and then one of the men displayed a badge identifying himself as an ICE agent. Petitioner informed the men that he had a pending asylum application, showed them his work permit, and explained he was travelling for work. (Pet. ¶ 24.) The ICE agents confiscated his documents, handcuffed him, and put him in an unmarked SUV with tinted windows. *Id.* The agents took him to an ICE field office, where he remained for approximately six hours. *Id.* Petitioner was never shown a warrant. He signed paperwork but was not provided with copies. *Id.* Respondents then transferred Petitioner to the Adelanto ICE Processing Center where he remains.

## III. DISCUSSION

### A. Motion to Proceed Via Pseudonym

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). Rule 17 further provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010).

However, courts have allowed a party to proceed in anonymity where special circumstances justify the secrecy. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII*, 214 F.3d at 1067–68 (alteration in original) (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The Ninth Circuit has held that "a party may preserve

his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII*, 214 F.3d at 1068.

Courts have generally allowed a party to proceed with anonymity in three circumstances: (1) "when identification creates a risk of retaliatory physical or mental harm"; (2) "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature'"; and (3) "when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]'" *Does I thru XXIII*, 214 F.3d at 1068 (first alteration in original) (internal citations omitted). The Ninth Circuit has held that where the use of a pseudonym is used to shield the party from retaliation, the district court should evaluate the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Does I thru XXIII*, 214 F.3d at 1068 (citation modified).

Here, Petitioner moves to proceed with a pseudonym due to his past persecution in his home country as a sexual minority, and because he "fears future persecution based on a medical diagnosis that places him at risk." (Dkt. No. 3 at 3.) He alleges his identification as an asylum seeker would create a risk of severe retaliatory harm. Courts have granted motions to file pseudonymously based on the petitioners' fears of persecution and retaliation should their identities be revealed. *See, e.g., Doe v. Becerra*, 732 F. Supp. 3d 1071, 1091 (N.D. Cal. 2024) ("Given the circumstances of Mr. Doe's petition and his allegations that he will face torture or death if he returns to Mexico, the Court previously granted Mr. Doe's motions to proceed under pseudonym[.]"); E.O.P. v. Andrews, No. 1:25-cv-00721-SKO (HC), 2025 WL 1735396, at *1 (E.D. Cal. June 23, 2025);

Doe v. Wofford, No. 1:24-cv-00943-EPG-HC, 2025 WL 1305859, at *4 (E.D. Cal. May 6, 2025); A.E. v. Andrews, No. 1:25-cv-00107-KES-SKO (HC), 2025 WL 871334, at *1 (E.D. Cal. Mar. 19, 2025).

Based on this record, the Court finds that Petitioner reasonably fears that he may be retaliated against if forced to disclose his identity. This conclusion draws support from other cases in which district courts have permitted asylum seekers to proceed anonymously due to potential retaliation. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1096 (E.D. Cal. 2025) (permitting asylum seeker to litigate habeas case under a pseudonym); *V. M. G. v. Jaddou*, No. 24-cv-09314-TLT, 2025 WL 1913574, at *1-2 (N.D. Cal. Feb. 14, 2025) (permitting asylum seeker to litigate mandamus case under a pseudonym). *See also Does I thru XXIII*, 214 F.3d at 1070 (citing approvingly *Doe v. I.N.S.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989), which "allow[ed] asylum petitioner to use pseudonym in order to protect family in China from reprisals").

Furthermore, there are no countervailing interests that are sufficient to overcome Petitioner's interests in proceeding under a pseudonym. Respondents have not responded. It does not appear that Petitioner's public anonymity has or will prejudice Respondents. Petitioner will disclose his identity to the government counsel who appears in this case, and provide complete, unredacted copies of any document requested. As a result, there is no apparent prejudice to Respondents in permitting Petitioner to continue to proceed under a pseudonym.

Finally, while the public always has an interest in open court proceedings, the decisions in this case are available to the public and Petitioner's true identity is not necessary for the public to understand or evaluate them. *See Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (holding that "the public's interest in the case was not best served by requiring that the litigants reveal their

identities, because here, party anonymity did not significantly obstruct the public's view of issues joined or the court's performance in resolving them") (citation modified).

Accordingly, Petitioner's motion to proceed via pseudonym is granted.

**B. Petitioner's Due Process was Violated**

Petitioner has a protected liberty interest in being released, as he has lived in this country for about ten years. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties). When the government is aware of the individual's presence in the U.S. via a pending application and does not detain an individual, Respondents' decision to not detain Petitioner creates a liberty interest. Petitioner was known to the authorities as he entered the United States on an B2 visa and filed for asylum over ten (10) years ago. (Pet. at 8.) Respondents considered multiple applications filed by him, issued multiple work authorizations, billed him for his pending asylum application, summoned him for biometrics and background checks, and did not detain him. *Id.*

Many District Courts within the Ninth Circuit have found a liberty interest when the Government chooses not to detain a Petitioner. *See e.g., E.E.O.H. v. Noem*, No. 1:26-CV-01266-JLT-SAB-HC, 2026 WL 850363, at *4 (E.D. Cal. Mar. 26, 2026), report and recommendation adopted, No. 1:26-CV-01266 JLT SAB (HC), 2026 WL 967670 (E.D. Cal. Apr. 9, 2026) (pending asylum application provided petitioner a liberty interest); *Njafuh v. Andrews*, 2026 WL 1346860 (E.D. May 14, 2026) ("[P]etitioner's application for asylum has been

pending for nearly a year and his TPS status was terminated on June 7, 2025. Respondent did not detain petitioner at that time, thus providing him with a liberty interest such that due process entities him to a pre-deprivation hearing[.]") *Grigoryan v. Lyons*, No. 5:26-CV-02024-DMK, 2026 WL 2032230, at *1 (C.D. Cal. June 16, 2026); *Andriasyan v. Warden*, No. 5:26-CV-01361-JAK (EX), 2026 WL 1601905, at *10 (C.D. Cal. June 1, 2026); *Gagik T. v. Christopher Chestnut*, 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026); *Abdeltawab v. Armant*, ED CV 26-01520-MWF-DTB, 2026 WL 1045564 (C.D. Cal., April 13, 2026).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, he has complied with the terms of his release and poses no apparent risk of flight or danger to the community. Considering the record before the Court and Respondents' non-opposition, Petitioner has sufficiently alleged a procedural due process claim because the *Mathews* factors all favor Petitioner. Thus, the Court concludes Petitioner has made a showing that he is entitled to relief on his procedural due process claim, and immediate release is warranted.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered GRANTING the Petition; (2) a writ of habeas corpus be issued requiring Respondents to IMMEDIATELY RELEASE Petitioner, R.A. (A# 209-374-245) from custody, subject to conditions of supervision that existed prior to his detention on August 6, 2026, along with his personal belongings and possessions, including his identification, work permits, and other documentation, and preventing his re-detention absent pre-deprivation notice and a constitutionally adequate pre-deprivation hearing at which the Government will bear the burden to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk before Petitioner may be re-detained; (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody subject to conditions of supervision that existed prior to his detention on August 6, 2026; and (4) Petitioner's Motion to Proceed via Pseudonym is GRANTED.

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

IT IS SO ORDERED.

Dated: October 22, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE